# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE POLYESTER STAPLE | ) | |
| ANTITRUST LITIGATION | ) | MDL DOCKET NO: 3:03CV1516 |
| _____ | ) | ALL CASES |

**THIS MATTER** comes before the Court on Direct Purchaser Class Plaintiffs' Motion To Compel Defendants Nan Ya Taiwan ("NYT") and Nan Ya America ("NYA") To Provide All Documents Responsive To Class Plaintiffs' Supplemental Document Request Pursuant To The Court's October 29, 2004 Order (Documents #242, #243) and Motion To Compel The Deposition Of F.T. Liao.  (Document #253) On June 1, 2005, Defendants NYA and NYT also filed a Motion For Clarification.  (Document #288)

During the April 28, 2005 Status Conference, the Court announced its rulings orally, granting  both of the pending motions to compel filed on behalf of the Direct Purchaser Class and denying Defendants' motion for protective order. More specifically, the undersigned stated that NYT would have thirty (30) days to supplement its document production and certify that the search was conducted in accordance with the spirit of the Federal Rules of Civil Procedure - meaning with the assistance, guidance, or supervision of legal counsel, and only after reasonable inquiry by counsel.  FED. R. CIV. P. 26(g)(2).[1] The Court then stated that, if necessary, the parties could jointly request an additional fifteen (15) day extension of time.  The Court indicated it would issue a written order to that effect.  As for the deposition of F.T. Liao, the Court stated that "Mr. Liao will be produced

---

[1] *See generally* Wright & Miller, 8 Fed. Prac. & Proc. Civ.2d §2052 (2005) ("Rule 26(g) imposes an **affirmative duty** to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37 . . . The subdivision provides a deterrent to . . . evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection.")

in the U.S. for deposition within 60 days."

Since that time, the Nan Ya Defendants have apparently been operating under the mistaken belief that their obligation to supplement production has been effectively suspended during this time period - a position the Court finds incredible.[2] Given the nature of the request for supplemental production, there should have been little doubt that the Court's intent was to require the thirty-day time period to begin immediately. Indeed, the Court is deferring ruling on NYT's Motions For Reconsideration and Interlocutory Appeal pending the completion of this jurisdictional discovery. (4/28/04 Trans., at 45-46.) To the extent NYA and NYT claim in their correspondence to Class Plaintiffs' counsel that they must await further instruction from the Court, there is no further instruction. Class Plaintiffs' motions were granted in their entirety. In other words, the Court did not carve out any exceptions to the specific relief sought.

Finally, any confusion amongst counsel for Defendants should have been brought to the Court's attention immediately following the April 28, 2005 hearing in order to avoid further delay. Defendants' question could have been easily answered with a simple phone call to chambers' staff.

**IT IS, THEREFORE, ORDERED THAT:**

1) The Direct Purchaser Class Plaintiffs' Motions To Compel are both hereby **GRANTED**;

2) The Nan Ya Defendants shall renew their search for documents with the

---

[2] The undersigned has previously directed the parties to perform in accordance with this Court's oral orders instead of waiting for a written order. (4/24/04 Trans., at 38.) Many times, the issuance of a written order following a bench order is for the benefit of the deputy clerk or other court personnel and is prepared in the interest of making the record as a whole easier to follow.

assistance and supervision of counsel. Counsel shall certify, under oath, that Defendants' search was conducted with the assistance, guidance, or supervision of counsel, and only after a reasonable inquiry by counsel, that the search is, in fact, complete. Defendants shall then provide supplemental discovery to Direct Purchaser Class Plaintiffs within the time frame described herein.

3) Defendants will produce F.T. Liao for deposition in the United States within 60 days from April 28, 2005, or no later than July 5, 2005.

4) Defendant NYA and NYT's Motion For Protective Order is **DENIED**;

5) Defendants' Motion For An Extension Of Time is **GRANTED**. Accordingly, Defendants shall produce any supplemental documents no later than June 15, 2005; and

6) Defendants' Motion For Telephone Conference or Hearing is **DENIED as moot**.

**Signed: June 8, 2005**

Richard L. Voorhees
United States District Judge