UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | MDL DOCKET NO. |
| ) | 3:03 CV 1516 |
| POLYESTER STAPLE ) | |
| ) | **STIPULATION AND ORDER** |
| ANTITRUST LITIGATION ) | |
| ) | |

WHEREAS, Celanese AG, Hoechst AG, Celanese Americas Corp. and CNA Holdings, Inc. (collectively, the "Celanese Defendants") and their respective counsel, on one hand; and CMI Industries, Inc., Coats American, Inc. d/b/a Coats North America, Hampton Capital Partners, LLC d/b/a Gulistan Carpet, as successor in interest by merger to Gulistan Carpet, Inc., Mount Vernon Mills, Inc. and Avondale Mills Inc. (collectively "Plaintiffs"), and their respective counsel, on the other, are about to engage in a mediation on December 8, 2005 in order to try to resolve all claims against the Celanese defendants (the "Mediation"); and

WHEREAS, the aforementioned parties and their counsel intend that all negotiations and all information exchanged and everything else written or said at or relating to the Mediation shall be kept in strict confidence and not used for any purpose other than the Mediation,

NOW THEREFORE IT IS AGREED AS FOLLOWS:

1. The parties agree that the Mediation will involve possible offers to compromise and/or the acceptance of such offers subject to Rule 408 of the Federal Rules of Evidence and is therefore subject to all of the requirements of confidentiality and other safeguards and limitations set forth in Rule 408, as well as the additional restrictions set forth herein.

2. No offer made, information exchanged, or anything written or said at or relating to the Mediation (hereinafter "Mediation Information") shall be used, directly or indirectly, for any purpose whatsoever other than the Mediation.

3. All Mediation Information shall be deemed strictly confidential and shall not be disclosed to any person other than the attorneys executing this Stipulation and Order and such other individuals as the parties hereto may expressly agree upon in writing. Each such other individual shall sign a certification in the form attached hereto as Exhibit A agreeing to be bound by the terms hereof before he or she receives any Mediation Information.

4. Any non-authorized disclosure by a person bound hereunder shall be deemed a breach which shall subject such person to a claim for any damages resulting there from, whether direct, indirect, consequential or special.

5. Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Stipulation and Order shall be brought against any person bound hereunder in the United States District Court for the Western District of North Carolina, and each such person hereby consents to the exclusive jurisdiction of such court (and of the appropriate appellate court) in any such action or proceeding and waives any objection to venue laid herein.

Dated: Charlotte, North Carolina
December 5, 2005

KAYE SCHOLER LLP

*Michael D. Blechman* (signature)

Michael D. Blechman

*Robert B. Bernstein* (signature)

Robert B. Bernstein

Counsel for the Celanese Defendants

NEXSEN PRUET ADAMS KLEEMEIER, LLC

*Marguerite S. Willis* (signature)

Marguerite S. Willis

*David C. Eddy* (signature)

David C. Eddy

Counsel for Plaintiffs: CMI Industries, Inc,; Coats American, Inc. d/b/a Coats North America; Hampton Capital Partners, LLC, d/b/a Gulistan Carpet, As Successor In Interest By Merger To Gulistan Carpet Inc.; and Mount Vernon Mills, Inc.

BALCH & BINGHAM LLP

*Will Hill Tankersley* (signature)

Will Hill Tankersley

Counsel for Plaintiff Avondale Mills, Inc.

IT IS SO ORDERED.

Dated: 12-7-05

*Richard L. Voorhees* (signature)

Hon. Richard L. Voorhees

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | MDL DOCKET NO. |
| | ) | 3:03 CV 1516 |
| POLYESTER STAPLE | ) | |
| | ) | |
| ANTITRUST LITIGATION | ) | |
| | ) | |

## CERTIFICATION

1. My name is _____. I live at _____. I am employed as (state position)_____ by (state name and address of employer_____.

2. I have read the Stipulation and Order governing information exchanged in the Mediation defined therein, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____, 2005.

_____