# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE POLYESTER STAPLE | ) | |
| ANTITRUST LITIGATION | ) | **MDL DOCKET NO: 3:03CV1516** |
| | ) | **ALL CASES** |

**THIS MATTER** comes before the Court on motions filed by the Arteva / KoSa Defendants

("KoSa") on behalf of *former* KoSa executive employees, George Gregory and Pedro Haas.

(Documents ##374-376)  KoSa seeks to quash subpoenas noticing the deposition of Pedro Haas for

**March 10, 2006, at 9:00 a.m.**, and the deposition of George Gregory for **March 13, 2006, at 9:00**

**a.m.**[1]  At the request of the Court, Class Plaintiffs filed an expedited response on March 9, 2006.

(Documents #377, #378)

## A.  Applicable Standard / FED. R. CIV. P. 45(c)

Rule 45(c) of the Federal Rules of Civil Procedure governs the instant motion and provides

as follows:

> **(c) Protection of Persons Subject to Subpoenas.**
> **(1)** A party or an attorney responsible for the issuance and service of a subpoena **shall take**
>
> **reasonable steps to avoid imposing undue burden** or expense on a person subject to that
> subpoena. The court on behalf of which the subpoena was issued shall enforce this duty . .
>
> \*\*\*
> **(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or modify
> the subpoena if it
> **(i)** fails to allow reasonable time for compliance; or
> \*\*\*
>
> **(iv)** subjects a person to undue burden.

FED. R. CIV. P. 45(c)(1) and (c)(3)(A)(i) and (iv).

---

[1] Both depositions are scheduled to occur in Houston, Texas - where George Gregory and Pedro
Haas currently work (and possibly reside).  (Gregory Decl., ¶2; Haas Decl., ¶2)

## B. Discussion

George Gregory ("Gregory") and Pedro Haas ("Haas") were associated with KoSa beginning with KoSa's inception. Gregory initially served as Chief Operations Officer and Haas was the Chief Executive Officer. In July 2000, Gregory replaced Haas as KoSa's Chief Executive Officer. Thus, Gregory and Haas comprised KoSa's top management during the relevant time period or class period, April 1991 to July 31, 2001.

Class Plaintiffs contend they are entitled to depose Gregory and Haas for the purpose of learning the extent and timing of their knowledge, if any, of the alleged price-fixing conspiracy as well as determining KoSa's business objectives and policies, etc., with respect to alleged antitrust violations. According to Class Plaintiffs, evidence produced in discovery indicates that Gregory and Haas personally participated in meetings with competitors such as Wellman and DuPont to discuss the polyester staple fiber industry and that both Gregory and Haas directly supervised KoSa employees admittedly aware of, or known to be involved in, the alleged price fixing conspiracy. (Class Plaintiffs' Exhs. B, C) Class Plaintiffs' ability to seek deposition testimony from KoSa's former top executives cannot be legitimately questioned. FED. R. CIV. P. 26.

In terms of reasonable time for compliance and any purported undue burden, KoSa represents it's not convenient for the witnesses, now "busy executives" with other corporate entities unrelated to this litigation, to appear for deposition prior to the end of March 2006. Class Plaintiffs provide a copy of correspondence dated March 8, 2006 (the same day the motions to quash were filed) expressly indicating Class Plaintiffs' willingness to work around the witnesses' schedules. (Class Plaintiffs' Exh. A) In light of the Court's decision to extend the discovery deadline for this limited purpose, any issue regarding reasonable time for compliance or undue burden is rendered moot.

## C.  Order

**IT IS HEREBY ORDERED** that the Motions To Quash Subpoenas are **DENIED**. Accordingly, former KoSa employees George Gregory and Pedro Haas <u>shall</u> appear 1) as directed in the respective deposition notices; or 2) at an alternative date and time mutually agreed upon by the parties, but in any event <u>no later than April 3, 2006</u>.[2]

**SO ORDERED.**

Signed: March 9, 2006

Richard L. Voorhees
Chief United States District Judge

---

[2] The current merits discovery deadline is March 15, 2006.  However, in order to accommodate the witnesses' schedules, the Court is willing to extend the deadline for this limited purpose.