# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| IN RE POLYESTER STAPLE ANTITRUST LITIGATION | ) ) ) MDL DOCKET NO: 3:03CV1516<br>ALL CASES |

**THIS MATTER** comes before the Court on a "Motion To Quash Plaintiffs' Subpoena," filed on behalf of David Whitley and Jim Casey. (Documents ##525, 529) Whitley and Casey seek to quash a subpoena issued by a group of Non-Class Plaintiffs noticing depositions for February 15, 2007 and February 23, 2007, in Charlotte, North Carolina.

## A. Applicable Standard / F<small>ED</small>. R. C<small>IV</small>. P. 26(c)[1] and 45(c)

Rule 45(c) governs the instant motion and provides as follows:

**(c) Protection of Persons Subject to Subpoenas.**
**(1)** A party or an attorney responsible for the issuance and service of a subpoena **shall take reasonable steps to avoid imposing undue burden** or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty . .

\*\*\*
**(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

**(iv)** subjects a person to undue burden.

F<small>ED</small>. R. C<small>IV</small>. P. 45(c)(1) and (c)(3)(A)(iv).

---

[1] Rule 26(c), entitled "Protective Orders," provides:

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

## B.  Discussion

At the outset of this multidistrict litigation, Wellman Incorporated ("Wellman") was named as a Defendant by both Class Plaintiffs and Non-Class Plaintiffs.  By December 2005, Wellman had reached agreements with both plaintiff groups resolving the claims against it.

David Whitley is a current Wellman employee.  Whitley was originally named in three (3) individual actions.[2]  During the relevant time period, Whitley


Jim Casey served as President of Wellman's polyester staple fiber business during the relevant period.  Casey was never named a Defendant but was identified, via discovery, as one of several individuals Wellman knew may possess knowledge relevant to these claims.

Neither of these individuals were deposed before the claims against Wellman were dismissed.  According to Wellman, Hoechst Celanese and its *present* counsel[3] contemplated deposing Whitley but ultimately declined to do so, relying instead on an affidavit submitted by Whitley in lieu thereof.  Based on this decision, Wellman argues that Hoechst Celanese waived its right to depose Whitley and Casey.

In the Fall of 2006, two (2) new civil actions were commenced by different Non-Class Plaintiff groups totaling twenty-five (25) Plaintiffs.[4]  Each of the new actions name the Hoechst

---

[2] *See* 3:04CV197 (Mount Vernon Mills); 3:03CV296 (Avondale Mills); and 3:04CV506 (Coats American, Inc.).

[3]  In light of the history of this case, it is significant to the Court that Hoechst Celanese's current counsel with the law firm of Kasowitz, Benson, Torres, and Friedman, as opposed to Kaye Scholer, took part in, or was at least aware of, the decision to not depose David Whitley.

[4] *See* 3:06CV387 (Burlington Industries, Inc., et al) and 3:06CV390 (Parkdale Mills, Inc., et al).  Several of these Non-Class Plaintiffs were involved in these consolidated pretrial proceedings earlier.  The majority of these parties, however, are new to this multidistrict litigation.  For example, Plaintiffs identify Shaw Industries, Inc. (carpet manufacturer), as a new party with an interest in examining Nixon on topics not previously addressed in the earlier deposition (i.e., polyester staple fiber manufactured for

Celanese entities as Defendants and allege facts similar to those included within the three (3) original complaints noted herein. However, the new Complaints also allege that Hoechst, after the sale of its polyester staple fiber assets to Arteva / KoSa, continued to engage in the manufacture of polyester staple fiber at its Canadian plant located in Millhaven, within the province of Ontario ("Millhaven"). (Burlington Industries' Am. Compl., ¶¶29, 30; Parkdale Mills' Compl., ¶37) Plaintiffs contend that the polyester staple fiber manufactured in Millhaven was marketed and sold by Arteva / KoSa in the United States at artificially inflated prices pursuant to the alleged price-fixing scheme. Thus, certain Non-Class Plaintiffs allege that Hoechst continued to participate and benefit from the charged conspiracy beyond the sale of its business to Arteva / KoSa and at least through December 1999 and possibly as late as 2001. (Burlington Industries' Am. Compl., ¶¶29, 30, 49; Parkdale Mills' Compl., ¶2) Plaintiffs also specifically allege that Wellman, through its employees and agents, was one of the entities involved in the conspiracy during its earliest stage, or as early as the mid-1990's. (Burlington Industries' Am. Compl., ¶¶32, 52) Many of the facts alleged with respect to Hoechst and Wellman are not "new."

In its responses to interrogatories, served on Hoechst Celanese on January 4, 2007, Burlington Industries referred to the *affidavit* of David Whitley obtained from Hoechst Celanese as evidence supportive of its claim that an "overarching price fixing conspiracy" existed.[5] Parkdale's responses to interrogatories, served on Hoechst Celanese on January 9, 2007, refer to the deposition testimony of Bill Harris, Grover Smith's superior while at Hoechst, in support of the allegation that Harris met with James Casey of Wellman in 1997. (Hoechst Celanese's Exh. 5 at 14.) Harris was deposed on ******. Jim Casey and his knowledge and / or involvement in the alleged conspiracy.

---

use in carpet).

[5] Plaintiffs cite the affidavit as admitting "recurring telephone calls and meetings between Whitley and Stanley during 1994-1998." (Hoechst Celanese's Exh. 4 at 24.)

Casey was also referenced in some of the documents produced by Hoechst Celanese. Plaintiffs also cite to Walt Goldman's deposition testimony in support of the claims against Hoechst Celanese. Goldman, former Market Coordinator for Floor Covering Sales for Hoechst (and later Arteva / KoSa), was deposed on March 16, 2006.

It is likewise true that Hoechst Celanese has been on notice since 2005 that Whitley and Casey likely possessed information relevant to the claims against it. Notwithstanding, Hoechst Celanese should have an opportunity to discover what, if anything, Whitley and Casey know about: 1) Troy Stanley's testimony; 2) any price-fixing or customer allocation conspiracy with respect to the new parties in the two new actions; 3)

In other words, Hoechst Celanese is entitled to seek discovery from these witnesses for the purpose of defending against the <u>new</u> actions.[6] For this reason, the Court will allow Hoechst Celanese to depose the witnesses.

## C. Order

**IT IS HEREBY ORDERED** that the Motion To Quash Subpoena is **DENIED** with respect to both witnesses. Accordingly, David Whitley and Jim Casey <u>shall</u> appear for deposition by Hoechst Celanese at a date and time mutually agreed upon by the parties, but in any event <u>no later than March 16, 2007</u>.[7]

---

[6] Wellman, on behalf of Whitley and Casey, concedes Hoechst Celanese is entitled to seek discovery and depose witnesses that possess relevant information to the actions initiated by Burlington Industries and Parkdale Mills. Despite Wellman's argument regarding waiver, as a practical matter, it would be futile to order Hoechst Celanese to limit its examination of the witnesses to the claims alleged within the two (2) new actions commenced by Burlington Industries and Parkdale Mills in that the new actions allege many, if not all, of the same facts.

[7] Any legal argument(s) raised by either party and not discussed herein is deemed to be without merit.

4

Signed: March 2, 2007

Richard L. Voorhees
United States District Judge