UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE POLYESTER STAPLE | ) | |
| ANTITRUST LITIGATION | ) | MDL DOCKET NO: 3:03CV1516 |
| | ) | ALL CASES |

**THIS MATTER** comes before the Court on Hoechst Celanese's "Motion For Reconsideration," filed March 7, 2007. (Document #548) On March 1, 2007, the Court issued an Order quashing a subpoena directed at Troy Stanley ("Stanley").[1] (Documents ##540, 543) During a telephone conference held March 12, 2007, counsel for Hoechst Celanese and Troy Stanley were both heard briefly on this matter.

### A. Fed. R. Civ. P. 26(c)[2] and 45(c)

Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure govern the instant motion. Rule 45(c) reads in part:

> **(1)** A party or an attorney responsible for the issuance and service of a subpoena **shall take reasonable steps to avoid imposing undue burden** or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty . .
> ***
> **(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

---

[1] The Court issued the March 1, 2007 Order without allowing Hoechst Celanese the opportunity to respond. The decision to grant Stanley's motion to quash summarily (without a response) was based primarily upon the assumption that any documents in Stanley's possession, including those relevant to the two (2) new civil actions commenced by Burlington Industries and Parkdale Mills Plaintiffs, would have already been produced.

[2] Rule 26(c), entitled "Protective Orders," provides:
Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

1

**(iv)** subjects a person to undue burden.

FED. R. CIV. P. 45(c)(1) and (c)(3)(A)(iv). Therefore, the Court considers whether Hoechst, in its motion for reconsideration, articulates a legitimate need for the documents sought, and whether Hoechst's purported need outweighs the burden on Stanley if ordered to comply with the subpoena.

**B. Discussion**

Hoechst Celanese requests production of the following categories of documents from Troy Stanley: 1) documents relating to Stanley's communications with the U.S. Government, Federal Bureau of Investigation and Department of Justice related to its investigation into antitrust violations related to PSF; 2) all related 302 Reports; 3) documents produced by Stanley to the U.S. Government, Federal Bureau of Investigation and Department of Justice related to the same; 4) documents responsive to Plaintiffs' January 2, 2007 document request;[3] and 5) documents responsive to the document requests served by any party in this case generated, or possessed by Stanley after the date those document requests were served.

As noted previously, the Burlington Industries and Parkdale Mills Plaintiffs base their claims in large part on Troy Stanley's admissions. *See* 3:06CV387 (Burlington Industries, Inc., *et al.*) and 3:06CV390 (Parkdale Mills, Inc., *et al.*) However, so did the other entities that originally brought suit against the Hoechst Celanese Defendants.[4] As Hoechst suggests in its motion, Hoechst is entitled to seek discovery from Stanley for the purpose of defending against the <u>new</u> actions - new

---

[3] In another filing, Plaintiffs represent that while Stanley was served with a request for production of documents by the Burlington and Parkdale Plaintiffs, the only document produced by Stanley was a copy of his deposition transcript from *Koch Industries, Inc., et al. v. Hoechst et al., SDNY Docket No.: 03 CV 8679*.

[4] *See* 3:03CV560 (WestPoint Stevens); 3:04CV197 (Avondale Mills); 3:03CV296 (Mount Vernon Mills); 3:04CV506 (Coats American); and 3:03CV281 (Gulistan Carpet).

actions which potentially enlarge the period of time for which Hoechst could be held responsible for the alleged conspiratorial conduct. Still, the undersigned questions why Hoechst didn't seek document discovery from Stanley during the earlier phases of discovery and / or coordinate discovery efforts with the other parties.[5] Categories 1 through 3 should have been available to all of the litigants since the inception of these consolidated pretrial proceedings. The Court is unsure whether Stanley even has 302 Reports in his possession or whether this request is more appropriately addressed to one or more of the federal agencies.

For the reasons stated within Hoechst's response, namely, the concern that Hoechst have access to the same information as the Burlington and Parkdale Plaintiffs, the Court modifies its March 1, 2007 Order to require Stanley to produce to Hoechst Celanese the <u>same</u> documents provided to the Burlington and Parkdale Plaintiffs in response to Plaintiffs' January 2, 2007 document requests, as well as any documents that would merely supplement earlier productions by Stanley in MDL 3:03CV1516. FED. R. CIV. P. 26(e)(2). Additionally, if Hoechst does not already have access to any "Stanley documents" given to the Department of Justice, Stanley should produce these as well.

## C. Order

**IT IS HEREBY ORDERED** that Hoechst Celanese's Motion For Reconsideration is **GRANTED in part** and **DENIED in part** consistent with the terms of this Order.

---

[5] To the extent the action in the SDNY precluded coordination between Arteva / KoSa and Hoechst Celanese, the Court suggested / required the parties to create a document depository that would make all document discovery available to all of the litigants.

Signed: March 16, 2007

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge