# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE POLYESTER STAPLE | ) | |
| ANTITRUST LITIGATION | ) | MDL DOCKET NO: 3:03CV1516 |
| | ) | ALL CASES |

**THIS MATTER** comes before the Court on the following motions filed on behalf of the Hoechst Celanese Defendants: 1) Motion To Compel Initial Disclosures and Responses To First Set Of Interrogatories (Document #537); 2) Motion To Compel Rule 30(b)(6) Deposition Testimony From Corporate Plaintiffs (Document #546); 3) Motion To Compel Production Of Documents (Document #547); 4) Motion To Compel Responses To Second Set Of Interrogatories (Document #39);[1] and 5) Motion For Revision Of Schedule and For Leave Of Court To Conduct Additional Non-Expert Depositions (Document #549). [2]

**IT IS HEREBY ORDERED THAT:**

1) Defendants' Motion To Compel Initial Disclosures and Responses To First Set Of Interrogatories is **GRANTED in part and DENIED in part.** Defendants' motion is denied except with respect to (a) copies of written contracts not already produced and terms of oral contracts not already disclosed (Interrogatory #2) and (b) the specific time period for which each individual Plaintiff will seek to recover damages (Interrogatory #13).

2) Defendants' Motion To Compel Rule 30(b)(6) Deposition Testimony is **GRANTED in part and DENIED in part**. Defendants' motion is granted with respect to the Galey & Lord and

---

[1] This motion only relates to the Burlington Industries Plaintiffs, 3:06CV387.

[2] The instant order does not address Defendants' Motion To Compel Documents Responsive To Second Request For Production as Plaintiffs have not yet responded to this motion. (Document #550)

Swift Textiles entities regarding document retention policies, efforts to produce responsive documents, and discussions with the U.S. Department of Justice. Defendants' motion is likewise granted with respect to the Springs Plaintiffs for the era following the April 1996 retirement of Corporate Representative Robert Hudspeth. The parties are directed to consider alternatives such as deposition by submission of written questions on an expedited schedule (FED. R. CIV. P. 31) and / or telephonic depositions given that Hoechst's requests are aimed at following up on specific topics not adequately addressed by the original designee. Defendants' motion is denied with respect to Burlington Industries and Johnston Industries.

3) Defendants' Motion For Leave Of Court To Conduct Additional Non-Expert Depositions is **GRANTED in part and DENIED in part**, subject to the same directives mentioned above with respect to Rule 30(b)(6) Depositions of Corporate Plaintiffs. Defendants may conduct a maximum of another fifteen (15) non-expert depositions. Before any additional depositions are noticed, however, Plaintiffs shall provide Defendants additional information regarding those individuals that are either expected to testify at trial (12 witnesses identified within Hoechst's motion at footnote 15) or potential trial witnesses currently identified as not likely to be called as trial witnesses (73 witnesses identified in Exhibit 10 and footnote 16). Within five (5) days of the instant Order, Plaintiffs shall provide Defendants with a *brief* description of (a) the potential witnesses' job title, responsibilities / duties, and tenure; and (b) the nature or subject matter of the witnesses' testimony.

4) Defendants' Motion To Compel Production Of Documents is **GRANTED in part and DENIED in part.** Defendants' motion is denied except with respect to any documents that may be relevant to the statute of limitations defense advanced by Hoechst Celanese.

5) Defendants' Motion to Compel Responses To Second Set Of Interrogatories is **DENIED**.

6) Defendants' Motion For Revision Of Schedule is **GRANTED**. Accordingly, all of the deadlines shall be adjusted to accommodate for the thirty (30) day extension.

Signed: March 19, 2007

Richard L. Voorhees
United States District Judge