UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE POLYESTER STAPLE | ) | |
| ANTITRUST LITIGATION | ) | MDL DOCKET NO: 3:03CV1516 |
| | ) | ALL CASES |

**THIS MATTER** comes before the Court upon motion of Plaintiffs Avondale Mills, Inc. ("Avondale"), CMI Industries, Inc. ("CMI")[1], Coats American, Inc., d/b/a Coats North America ("Coats"), Hampton Capital Partners, LLC, d/b/a Gulistan Carpet ("Gulistan"), and Mount Vernon Mills, Inc. ("Mt. Vernon"), (collectively, the "moving Non-Class Plaintiffs") seeking a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 7.1. (Document #572)

This latest dispute follows the Court's decision denying a motion to quash deposition subpoena for former Wellman executive, David Whitley, and deposition testimony subsequently elicited from Whitley by Hoechst Celanese related to the five (5) moving Non-Class Plaintiffs. More specifically, Whitley testified repeatedly on March 14, 2007 that "[t]here were no agreements" between Hoechst Celanese and Wellman with respect to the pricing of polyester staple fiber purchased by certain of these entities. (NCPs' Exh. 1) In response, the moving Non-Class Plaintiffs ask the Court to 1) preclude the Hoechst Celanese Defendants from conducting any further fact discovery specifically relating to their claims; and 2) strike and preclude Hoechst Celanese's use of recent fact discovery conducted by Hoechst Celanese specifically relating to the claims of these Plaintiffs. The moving Non-Class Plaintiffs seek an expedited ruling due to additional depositions

---

[1] "CMI" stands for Clinton Mills.

1

of Wellman witnesses noticed for April 12, 2007 and April 16, 2007.[2]

In previous rulings, the undersigned has recognized that the allegations of the movants overlap with the claims of the "new" Non-Class Plaintiffs - the Burlington Industries and Parkdale Mills Plaintiffs. For this reason, when addressing the waiver argument advanced by Wellman in connection with the motion to quash, the undersigned expressly noted that "as a practical matter, it would be futile to order Hoechst Celanese to limit its examination of the witnesses to the claims alleged within the two (2) new actions commenced by Burlington Industries and Parkdale Mills in that the new actions allege many, if not all, of the same facts." (Document #544) Indeed, at least one (1) of the movants alleges that the conspiracy existed during the same expanded time period.[3] Therefore, in defending against the new actions, Hoechst Celanese will be allowed to examine the witnesses about the *conspiracy as a whole* notwithstanding the failure of Hoechst Celanese to seek this specific evidence earlier.

**IT IS, THEREFORE, ORDERED** that Non-Class Plaintiffs' Motion For Protective Order is hereby **DENIED**.

---

[2] Hoechst Celanese has not filed a response. However, in light of the Court's ruling, there is no prejudice to Hoechst in proceeding before expiration of the response period.

[3] While the various Plaintiffs allege that the purported conspiracy existed during slightly different time periods, CMI, like the Burlington Industries and Parkdale Mills Plaintiffs, also alleges that the conspiracy began "no later than 1995 and continued unabated at least through 2001." (CMI's Am. Compl., at ¶1; Burlington Industries' Am. Compl., ¶¶29, 30; Parkdale Mills' Compl., ¶37) Unless CMI contends that the conspiracy alleged within its Amended Complaint is <u>not</u> essentially the same alleged conspiracy detailed by the Burlington Industries and Parkdale Mills Plaintiffs in the new actions, Non-Class Plaintiffs' request is impossible in that the Court does not believe it's feasible to limit Hoechst Celanese's discovery of essentially the <u>same</u> conspiracy that allegedly occurred during the <u>same</u> time period.

Signed: April 10, 2007

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge