# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE POLYESTER STAPLE | ) | |
| ANTITRUST LITIGATION | ) | MDL DOCKET NO: 3:03CV1516 |
| | ) | ALL CASES |

**THIS MATTER** comes before the Court on a Motion To Quash Defendants' Subpoena, Motion For Stay, and Motion For A Protective Order, filed on behalf of James Michael Netzel ("Netzel"), DAK Americas, LLC, and DAK Fibers, LLC (collectively "DAK"). (Documents ##579, 580, 582) Netzel seeks to quash a subpoena issued by the Hoechst Celanese Defendants noticing his deposition for Monday, April 16, 2007. In light of the instant motions, the deposition did not proceed on that date.

## A. Applicable Standards / F<small>ED</small>. R. C<small>IV</small>. P. 26(c)[1] and 45(c)

Rule 45(c) governs the instant motion and provides as follows:

**(c) Protection of Persons Subject to Subpoenas.**
**(1)** A party or an attorney responsible for the issuance and service of a subpoena **shall take reasonable steps to avoid imposing undue burden** or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty . .

\*\*\*

**(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
**(iv)** subjects a person to undue burden.

F<small>ED</small>. R. C<small>IV</small>. P. 45(c)(1) and (c)(3)(A)(iv).

---

[1] Rule 26(c), entitled "Protective Orders," provides:

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

## B. Discussion

Netzel is a current employee of DAK Americas, located in Charlotte, North Carolina. The DAK entities were originally named as Defendants in these consolidated pretrial proceedings, *In Re Polyester Staple Antitrust Litigation, 3:03CV1516-V*. The DAK entities reached agreements with all of the Plaintiffs asserting claims against them and have been out of the case since 2004.

Netzel was deposed early in 2006 as both a corporate representative for DAK and in his individual capacity. (Movants' Exhs. B & C) Netzel's deposition occurred over the course of two (2) days but did not exceed the seven-hour period ordinarily prescribed by the federal rules. FED. R. CIV. P. 30(d)(2). Counsel for Hoechst Celanese participated and examined Netzel.

Following the commencement of the Burlington and Parkdale actions, Hoechst Celanese identified Netzel as a potential deponent in its March 8, 2007 motion. (Document #550) Hoechst now seeks to depose Netzel <u>a third time</u> in order to inquire of him about alleged meetings with Troy Stanley.[2] According to Hoechst Celanese, the Burlington and Parkdale Plaintiffs "contend that the conspiracy was carried out through alleged communications between DuPont employees, such as James Michael Netzel, and Celanese employees, such as Troy Stanley." (Defs.' Mem. In Opp'n, at 1.)

In support, Hoechst argues that the Court's March 2, 2007 and March 19, 2007 Orders compel the Court to deny Netzel's motions. The Court disagrees. In its March 2, 2007 Order, which denied David Whitley's and Jim Casey's motions to quash, the Court noted that Whitley and Casey had never been deposed. In its March 19, 2007 Order, which granted Hoechst Celanese leave to conduct fifteen (15) additional non-expert depositions, the Court was not presented with argument

---

[2] Hoechst Celanese has also noticed a deposition of Sonny Walker. According to Hoechst Celanese, a motion to quash on behalf of Walker is forthcoming and the same rationale should apply to both Netzel and Walker.

on behalf of James Netzel and, therefore, did not expressly rule that Netzel's deposition, if ultimately noticed, would be deemed reasonable or without undue burden.[3] The Court also urged the parties to consider alternatives to traditional deposition.

Netzel contends he satisfied his obligations under the discovery rules and should not have to appear for yet another deposition. Netzel's argument is well taken. Although Hoechst was represented by a different law firm at the time of Netzel's original depositions, Hoechst does not contend its counsel had an inadequate opportunity to explore any relevant topics of inquiry. In addition, Hoechst does not now claim that its present interest in deposing Netzel pertains to a topic or time period not considered relevant earlier. Directing Netzel to appear and submit to examination once more, for the sole purpose of allowing Hoechst Celanese to inquire about a topic that has already been fully exhausted, would amount to undue burden. For these reasons, the Court finds that Hoechst Celanese's stated justifications for requesting Netzel to submit to deposition a third time do not outweigh the undue burden on the witness, or excuse the unreasonably late notice.[4]

## C. Order

**IT IS HEREBY ORDERED THAT** the Motion To Stay is **DENIED as moot** and the Motions To Quash Subpoena and For Protective Order are both **GRANTED**.

---

[3] While Hoechst Celanese did not rely upon the Court's February 16, 2007 Order, which denied Tom Nixon's motion to quash and required Nixon to be deposed a second time, the concerns with "fairness" discussed with respect to Nixon are simply not present here.

[4] Although not determinative of the instant motion, the Court also finds that the notice provided to Netzel was unreasonable in that Netzel was served with the deposition subpoena on Thursday, April 12, 2007 - a mere four (4) calendar days prior to the deposition date.

Signed: April 25, 2007

Richard L. Voorhees
United States District Judge