# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re: POLYESTER STAPLE ANTITRUST LITIGATION | MDL Docket No. 3:03CV1516<br><br>ALL CASES |

## AMENDED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereby stipulate to the issuance of the following Amended Protective Order ("Order") limiting the disclosure of discovered information and agree to be bound by the restrictions of this Order limiting the use of such information as hereinafter provided:

IT IS HEREBY AGREED TO AND ORDERED THAT:

1. Scope.

    (a) All documents and information furnished by a party in conjunction with this litigation which contain or are derived from trade secrets or other confidential research, development, or commercial information ("Confidential Information") shall be designated CONFIDENTIAL and furnished to the other parties pursuant to the terms of this Order. The party receiving the Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order. The provisions of this Order extend to all Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing materials.

(b)     All documents and information described in Paragraph 1(a) as Confidential Information and which are of such a highly commercially sensitive nature, such as certain documents or information reflecting, containing or derived from confidential pricing, production cost, marketing, customer, or financial information, that the information should be restricted to counsel of record (including members or associates of such counsel's firm) for the parties, including their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation, or to an outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this litigation ("Confidential and Lawyers Only Information") shall be designated CONFIDENTIAL AND LAWYERS ONLY and furnished to the other parties pursuant to the terms of this Order, provided that such designations may be objected to pursuant to the procedure set forth in Paragraph 7 pertaining to objections to designations.

2.     Designation of Confidentiality. Documents or information may be designated CONFIDENTIAL or CONFIDENTIAL AND LAWYERS ONLY within the meaning of this Order in the following ways:

(a)     In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL" or "CONFIDENTIAL AND LAWYERS ONLY".

(b)     In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL or CONFIDENTIAL AND LAWYERS ONLY. The following legend shall be placed on the front of any set of interrogatory answers or responses to

requests for admission containing Confidential Information or Confidential and Lawyers Only Information: "CONTAINS CONFIDENTIAL INFORMATION" [OR "CONTAINS CONFIDENTIAL AND LAWYERS ONLY INFORMATION"]. Designated parts not to be used, copied or disclosed except as authorized by Court Order."

(c) In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information or Confidential and Lawyers Only Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from counsel to the court reporter, with copies to counsel of record, within thirty (30) days of receipt of the deposition transcript or copy thereof. The entire deposition transcript (including exhibits) shall be treated as Confidential and Lawyers Only Information under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. Counsel also may agree to extend the time period for providing such designations. Before the above-referenced thirty-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript: "TREAT AS CONFIDENTIAL AND LAWYERS ONLY INFORMATION UNTIL FURTHER DESIGNATION". After the above-referenced thirty-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Confidential and Lawyers Only Information: "CONTAINS CONFIDENTIAL INFORMATION" [or "CONTAINS CONFIDENTIAL AND LAWYERS ONLY INFORMATION"]. Designated parts not to be used, copied or disclosed except as authorized by Court Order." If all or part of a

videotaped deposition is designated as CONFIDENTIAL or CONFIDENTIAL AND LAWYERS ONLY, the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 2(a) above.

(d)     To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing party may designate such matter as CONFIDENTIAL or CONFIDENTIAL AND LAWYERS ONLY by cover letter referring generally to such matter. Whenever any party to whom Computerized Information designated as CONFIDENTIAL or CONFIDENTIAL AND LAWYERS ONLY is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above.

(e)     To the extent that any party or counsel for any party creates, develops or otherwise establishes any electronic or magnetic media, including any database, disc or tape, which contains information designated CONFIDENTIAL and/or CONFIDENTIAL AND LAWYERS ONLY, that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or Confidential and Lawyers Only Information.

(f)     All documents and materials filed with the Court containing or reflecting the contents of Confidential and Lawyers Only Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the Litigation, a generic designation of the contents, the words "CONFIDENTIAL AND LAWYERS ONLY INFORMATION -- SUBJECT TO COURT ORDER" and words in substantially the following form:

4

> This envelope contains documents which are filed in this case by [name of party] and, by order dated [ ], the enclosed [name of document], or a portion thereof, has been filed under seal and may not be examined without further order of the Court.

No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding Judge, law clerks and other Court personnel without further Order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered or (2) within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, then, after notice from the Clerk of Court, the document shall be destroyed by the Clerk. Regardless of any provision in this order to the contrary, a party does not have to file a document under seal if the Confidential Information or Confidential and Lawyers Only Information contained or reflected in the document was so designated solely by that party.

(g) In the case of all documents already provided to the Government by Defendants (the "Grand Jury Documents"), in order to facilitate the Defendants' compliance with the September 5, 2003 deadline for the production of the Grand Jury Documents set forth in this Court's Pretrial Case Management & Scheduling Order of June 16, 2003, the Grand Jury Documents are hereby designated "Confidential and Lawyers Only." Defendants may mark the Grand Jury Documents with this designation. The failure of any Defendant to mark the Grand Jury Documents with this designation does not affect their designation as "Confidential and Lawyers Only" pursuant to this Order, but the inadvertent and unintended disclosure of a Grand Jury document which has not been marked as "Confidential and Lawyers Only" by the

5

Defendants shall not be deemed a violation of this order. Any party may challenge the designation of any Grand Jury Document pursuant to the procedures set forth in paragraph 7.

(h) The following categories of Grand Jury Documents will not be considered Confidential and Lawyers Only notwithstanding the provisions of 2(g): expense reports, phone records. These materials are to be considered Confidential even if they are not marked as such. The following categories of Grand Jury Documents will not be considered Confidential or Confidential and Lawyers Only, notwithstanding the provisions of 2(g): SEC documents, press releases and unaltered publicly available documents (including but not limited to newspapers articles, trade publication and materials from external websites). These materials are to be considered neither Confidential nor Confidential and Lawyers Only.

3. <u>Use of Confidential Information or Confidential and Lawyers Only Information</u>. Confidential Information or Confidential and Lawyers Only Information shall be used by any party, other than the producing party, solely for the purpose of conducting this litigation, and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law.

4. <u>Disclosure of Confidential Information</u>. Access to information designated CONFIDENTIAL pursuant to this Order shall be limited to:

(a) counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

(b) outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

(c)     any outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this litigation;

(d)     any party or any director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this action, as well as any employee of a party consulted by counsel in good faith for the purpose of assistance in connection with this litigation;

(e)     any person who has been noticed for deposition and whose deposition is taken, or any person who has been interviewed by an attorney of record, or any person whose testimony is taken or is to be taken at trial in this litigation who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this litigation;

(f)     any person who authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), any person who is referenced, discussed, mentioned or has demonstrated working knowledge of the specific subject addressed in the particular confidential material sought to be disclosed, any person currently employed by the producing party or, with respect to any dated material, any person formerly employed by the producing party if that person normally would have had access on the date of the material to the specific subject matter contained in the particular confidential material sought to be disclosed to that person, or any person who is testifying in this matter, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the confidential material sought to be disclosed to that person;

(g) this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

(h) any other person to whom the party producing the information agrees in writing.

Confidential Information can be disclosed under subparagraph 4(e) only where the party's counsel in good faith determines that the disclosure is appropriate to the effective prosecution or defense of the litigation.

5. <u>Disclosure of Confidential and Lawyers Only Information</u>. Access to information designated CONFIDENTIAL AND LAWYERS ONLY pursuant to this Order shall be limited to:

(a) counsel of record (including members and associates of such counsel's firm) for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

(b) outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

(c) any outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this litigation;

(d) any person who authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), any person who is referenced, discussed, mentioned or has demonstrated working knowledge of the specific subject addressed in the confidential material

sought to be disclosed, any person currently employed by the producing party or, with respect to any dated material, any person formerly employed by the producing party if that person normally would have had access on the date of the material to the specific subject matter contained in the particular confidential material sought to be disclosed to that person, or any person who is testifying in this matter, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the confidential material sought to be disclosed to that person;

    (e)  this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

    (f)  any other person to whom the party producing the information agrees in writing.

  Information designated CONFIDENTIAL AND LAWYERS ONLY pursuant to this Order contained in expert reports, expert depositions, and any motions for summary judgment (and any responses and replies thereto) in the above-captioned cases may also be accessed by in-house counsel for the parties, as well as any party or any director, officer or employee of a party charged with the responsibility for making business decisions concerning this action (hereinafter, "Decision Makers"). Decision Makers shall be permitted access only to the expert reports, expert depositions, and motions for summary judgment (and any responses and replies thereto), and shall not be permitted to review any documents underlying those reports, depositions, and motions that have been designated CONFIDENTIAL AND LAWYERS ONLY.

6. <u>Notification Of Confidentiality Order</u>. Confidential Information and Confidential and Lawyers Only Information shall not be disclosed to persons described in paragraphs 4(c), 4(d), 4(e) or 5(c) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. However, Confidential Information may be disclosed to non-parties (this does not include current employees of any party to this litigation) pursuant to paragraph 4(e) provided that such persons are provided either a copy of this Order or the summary of this Order attached to this Order as Exhibit B, they represent that they have read and understand the provisions of this Order or its summary, and they are advised by the disclosing counsel that such persons are bound by the provisions of this Order. The originals of such Agreements shall be maintained by counsel for the party who obtained them until the final resolution of this litigation. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to the counsel for opposing parties within 30 days. This prohibition includes either direct or indirect disclosure, including but not limited to any disclosure by counsel or experts.

7. <u>Objections to Designations</u>. A party shall not be obligated to object to the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent objection thereto. In the event a party objects to the designation under this Order by another party of any material, the objecting party shall consult with the other party to attempt to resolve their differences. The party responding to the objection must have a good faith basis for defending its designation. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that the material shall not be so treated, giving notice to the party which has produced the material. The producing party has the burden of supporting its designation and shall not defend its designation unless the removal of such designation would threaten demonstrable harm through competitive,

business or other specific injury to the producing party or competitive, business, personal or privacy injury to any employee or former employee of the producing party. If the parties are unable to reach an accord and if no application to the Court is made, the material will remain as designated. Any information which had been produced and designated CONFIDENTIAL or CONFIDENTIAL AND LAWYERS ONLY, but which is subject to a dispute as to its proper designation, shall be treated in accordance with its putative designation pending resolution of the dispute.

    8. <u>Use of Confidential Information or Confidential and Lawyers Only Information at Trial or Hearing</u>. A party may, subject to the rules of evidence and further Orders of the Court, use any Confidential Information or Confidential and Lawyers Only Information for any purpose at trial or at any hearing before a judicial officer in this litigation, provided that reasonable notice (except in unforeseen circumstances, at least 48 hours in advance) is given to counsel for the party who produced the Confidential and Lawyers Only Information, and provided further that such counsel may at the time of such proposed use, and prior to the disclosure of the Confidential and Lawyers Only Information, move for an appropriate protective order. In requiring reasonable notice of proposed use of Confidential and Lawyers Only Information, this Order does not seek to require a separate notice procedure; rather good faith compliance by any party with this Court's pre-hearing and/or pretrial requirements to disclose the documents proposed for use at hearing or trial and/or the filing of a pleading from which the intent to use specific confidential information (referenced by bates number or other specific designation) at trial or hearing is made clear shall constitute compliance with this notice requirement. To the extent that the producing party is provided less than forty-eight (48) hours notice of the intent of another party to use Confidential and Lawyers Only Information at trial or hearing, this Court will afford such time as is reasonably necessary for the producing party to

confer with the appropriate persons to determine the extent to which a protective order may be necessary and to move for the same.

9. <u>Preservation of Rights and Privileges.</u> Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Confidential and Lawyers Only Information, or of any right which any party may have to assert such privilege at any stage of this litigation.

10. <u>Freedom to Advise Clients.</u> Nothing in this Order shall bar or otherwise prevent any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential Information or Confidential and Lawyers Only Information; provided however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents or source of any confidential information produced by another party to this litigation to any person who is not authorized to receive such information under the provisions of this Order.

11. <u>Return of Materials.</u> Within thirty (30) days after the final resolution of this litigation, all Confidential Information or Confidential and Lawyers Only Information produced by a party, including copies, abstracts, summaries or other information, shall be destroyed or, at the request of the party that produced the information, returned to counsel for that party. As to those materials which contain or reflect Confidential Information or Confidential and Lawyers Only Information, but which constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their

files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to Protective Order. Counsel shall be entitled to retain pleadings, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Confidential and Lawyers Only Information, so long as such Confidential Information or Confidential and Lawyers Only Information, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to Protective Order. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify counsel for the other parties when compliance is complete.

12. <u>Inadvertent or Unintentional Disclosure</u>. The inadvertent or unintentional disclosure by the producing party of Confidential Information or Confidential and Lawyers Only Information, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work product doctrine (an "Inadvertently Produced Privileged Document"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, Confidential and Lawyers Only Information or an Inadvertently Produced Privileged Document, the producing party shall within ten days designate such information as Confidential, Confidential and Lawyers Only or assert a claim of privilege. Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information as Confidential or Confidential and Lawyers Only pursuant to the procedures contained in paragraph 7.

13. A party's compliance with the terms of this Order shall not operate as an admission regarding the confidentiality, admissibility, or privileged nature of any particular document or information.

14. Any party or person in possession of Confidential Information or Confidential and Lawyers Only Information or an Inadvertently Produced Privileged Document with respect to which the producing party has asserted a claim of privilege in accordance with paragraph 11 who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Confidential and Lawyers Only Information or an Inadvertently Produced Privileged Document, shall promptly give written notice by facsimile to counsel for the party who produced or designated the materials as confidential or privileged identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information or Confidential and Lawyers Only Information or an Inadvertently Produced Privileged Document that such Information is either confidential or privileged, subject to Protective Order and may not be disclosed without the consent of the party that produced the Confidential Information, Confidential and Lawyers Only Information or designated the document as privileged, or court order. The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction.

15. This Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this litigation, unless the non-party waives the protection of this Protective Order. This Protective Order shall also

apply to non-parties who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents or otherwise.

16. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

17. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written request.

IT IS SO ORDERED.

Dated: 11-13-07

Hon. Richard L. Voorhees

**EXHIBIT A**
# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| In re: POLYESTER STAPLE ANTITRUST LITIGATION ) ) ) ) ) | MDL Docket No. 3:03CV1516<br><br>ALL CASES |

## CERTIFICATION

1. My name is _____. I live at _____. I am employed as (state position) _____ by (state name and address of employer) _____.

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____, 200__.

_____

# EXHIBIT B
## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: POLYESTER STAPLE ANTITRUST LITIGATION | ) MDL Docket No.<br>) 3:03CV1516<br>)<br>) ALL CASES<br>) |

### NOTICE TO DEPOSITION WITNESSES

You are being shown one or more documents which have been designated as "Confidential" or "Confidential and Lawyers Only" pursuant to an Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation - in any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court.

If you wish a complete copy of the Court Order, a copy will be provided to you upon request.

*[signature]*
The Honorable Richard L. Voorhees
United States District Court Judge