UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
MDL Docket No.: 3:03CV1516

| | |
|---|---|
| In re: POLYESTER STAPLE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Case No. 3:03CV00200 (Tex Tech Industries, Inc.)<br>Case No. 3:03CV00201 (Hollander Home Fashions Corp.)<br>Case No. 3:03CV00203 (Carpenter Co.)<br>Case No. 3:03CV00206 (Fiber Dynamics, Inc.)<br>Case No. 3:03CV00208 (Habasit Belting, Inc.)<br>Case No. 3:03CV00209 (J.H.N.Y., Inc.)<br>Case No. 3:03CV00280 (Quality Felt Co.)<br>Case No. 3:03CV00309 (Southern Fiber, Inc.)<br>Case No. 3:03CV00474 (Thomaston Mills, Inc.) | |

## ORDER AUTHORIZING
## FINAL DISTRIBUTION OF UNUSED RESIDUAL
## FUNDS <u>REMAINING IN SETTLEMENT FUND</u>

WHEREAS Class Plaintiffs on behalf of the certified plaintiff class, and defendants: (1) E.I. DuPont de Nemours and Company, DAK Americals LLC, DAK Fibers LLC and Alpek S.A. de C.V. (collectively "DAK"); (2) Nan Ya Plastics Corporation, Nan Ya Plastics Corporation, America and Robert Bradley Dutton (collectively "Nan-Ya"); (3) Wellman, Inc. ("Wellman"); and (4) Arteva Specialties S.àr.l., licensed to do business in North Carolina as Arteva Specialties, LLC, d/b/a KoSa, and now named INVISTA S.àr.l., Arteva Services S.àr.l., licensed to do business in

North Carolina as Arteva Services LLC, and Koch Industries, Inc. (collectively "KoSa") settled this litigation, and the Court granted final approval of that settlement;

WHEREAS the period during which any appeal could be filed has expired;

WHEREAS in the (1) Memorandum and Order Granting Final Approval of the Proposed "DAK" Settlement (ECF 182), dated May 20, 2004; (2) Order and 54(b) Final Judgment (as to Nan Ya Defendants), filed December 15, 2005; (3) Order and 54(b) Final Judgment (as to Wellman, Inc.), filed December 15, 2005; and (4) Order and Final Judgment (ECF 841), dated June 24, 2008, the court retained continuing jurisdiction to enter orders regarding the disbursement of the settlement proceeds;

WHEREAS the Court also authorized the distribution of the Net Settlement Funds in the following orders: (1) Order Approving Plan of Allocation (ECF 208), dated September 30, 2004 (DAK Settlement); (2) Order Authorizing Distribution of Settlement Funds (ECF 467), dated September 26, 2006 (Nan Ya and Wellman Settlements); and (3), Order and Final Judgment (ECF 841), dated June 24, 2008 (Kosa Settlement) (collectively, the "Polyester Staple Settlements");

WHEREAS Gilardi processed and reviewed claims and caused the distribution of settlement checks to all approved claimants in the Polyester Staple Settlements: on June 22, 2005, Gilardi caused to be distributed 125 settlement checks totaling $13,280,788.86 in the DAK Settlement; on October 20, 2006, Gilardi caused to be distributed 88 settlement checks totaling $4,048,411.65 in the Nan-Ya Settlement; on October 22, 2006, Gilardi caused to be distributed 88 settlement checks totaling $6,913,713.33 in the Wellman Settlement and on October 10, 2008, Gilardi caused to be distributed 124 settlement checks totaling $20,186,899.04 in the KoSa Settlement. In total, Gilardi caused to be mailed 425 settlement checks totaling $44,429,812.88 in the Polyester

Staple Settlements;

WHEREAS all settlement checks have been cashed and Gilardi has paid all attorneys' fees and costs and incentive awards as approved by the Court;

WHEREAS there remains a net DAK Settlement fund balance of $7,841.39; a net Nan- Ya Settlement fund balance of $5,243.47; a net Wellman Settlement fund balance of $4,072.74 and a net KoSa Settlement fund balance of $2,030.40. In total, the funds remaining in the Polyester Staple Settlements is $19,188.00. This balance represents interest earned and tax refunds.

WHEREAS Gilardi has carried out all other requirements of the Polyester Staple Settlements and directives of the Court and has incurred an additional $8,659.59 in fees and costs. the court-appointed Claims Administrator has processed all claims submitted by class members and has verified that the claims were processed according to the terms of the parties ' Settlement Agreement and the Plan of Allocation approved by the court;

WHEREAS Class Counsel recommends the funds remaining after paying the balance of Gilardi's fees and costs, approximately $10,528.41 be distributed *cy pres* to the Indigent Person's Attorney Fund and to the North Carolina State Bar for the provision of civil legal services for indigents.

It is this 18th day of August, 2014, hereby

**ORDERED** that the Gilardi be authorized to distribute $8,659.59 to itself for all fees and costs not included in the previous award for Gilardi's fees;

**ORDERED** that after the foregoing distribution is made to Gilardi, then co-lead class counsel for Class Plaintiffs and the Gilardi are authorized to (a) distribute the balance of the Polyester Staple Settlement funds to the North Carolina Indigent Person's

Attorney Fund and to the North Carolina State Bar for the provision of civil legal services for indigents, and (b) discard all claim files and other records relating to the administration of the Polyester Staple Settlement fund and its distribution.

Signed: August 18, 2014

Richard L. Voorhees
United States District Judge